IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE PAMER,                         No. CIV S-07-1902-MCE-CMK-P

      Plaintiff,

  vs.                                   ORDER

ARNOLD SCHWARZENEGGER, et al.,

      Defendants.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. This case was originally filed in the Northern District of California and was transferred to this court for proper venue.[1] Pending before the court is plaintiff's complaint (Doc. 1), filed with this court on September 13, 2007.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

---

[1] Plaintiff indicates in his complaint that he filed it as a supplemental pleading in his pending case in the Northern District. However, as venue is proper in the Eastern District, the complaint was filed as a new case in this court. The status of plaintiff's previous case, 04-3252 pending in the Northern District, is unknown, but has no bearing on this matter.

malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

**I.  BACKGROUND**

Plaintiff's complaint names a number of individuals whom defendant states all contributed in some manner to the denial of his medical needs, indifference to his safety, retaliation and several state tort violations.  Reading the complaint very liberally, plaintiff claims that his serious medical needs were denied as he was not provided necessary medication, his safety was jeopardized by prison officials allowing him to be attacked and housing him in a top bunk, and that he was transferred to High Desert State Prison in retaliation for filing a civil rights action in federal court.  The individuals he names as defendants in this action include the Governor of the State of California, the Director of the California Department of Corrections and Rehabilitation, the Secretary of the California Department of Corrections and Rehabilitation, a Deputy Attorney General, the wardens and associate wardens of the prisons, individual correctional officers and counselors, and doctors providing medical care at the prisons.

Plaintiff's complaint contains numerous vague and conclusory allegations.  In the discussion of his claims, he only names nine of the defendants by name in connection with any

1 specific action. Even these allegations are minimal. Only by reviewing plaintiff's numerous
2 attachments has the court found any reference to a majority of the named defendants, and even
3 that review does not provide information as to any action on the part of several of the defendants.

## II.  DISCUSSION

ACTUAL CONNECTION

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

In this matter, plaintiff's complaint lacks an actual connection or link between the named defendants and their specific actions which caused the deprivation of plaintiff's constitutional rights. Beyond attempting to set forth how the wardens and other supervisory employees are personally responsible, which is discussed below, plaintiff only names nine individuals in his complaint. Plaintiff states that Miller warned plaintiff that he needs to have all his ducks in a row, and issued chronos for plaintiff's transfer and annual reviews. (Complaint at 20, 22-23.) He alleges that Murry interviewed plaintiff in regards to an American with Disabilities Accommodation Request and "threatened that they have ways of dealing with prisoners who file stuff like this." (Complaint at 20.) He states Aronsen damaged his property in

his cell.  (Complaint at 20-21.)  Dr. Nadim Khoury "placed a medical chrono in plaintiff's medical file . . . stating 'there is no contraindication to plaintiff being cleared for transfer to another institution.'"  (Complaint at 22.)  He claims he made Warden Schwartz aware of the lack of response from his grievances.  (Complaint at 23.)  He claims Weaver and Warwick wrongly concluded that there was no lapse in plaintiff's medication.  (Complaint at 24.)  And finally, he states that Hill and Gordon failed to provide him with a lower bunk.  (Complaint at 26-27.)

Plaintiff fails to allege any specific facts as to any other defendant.  A majority of the other defendants appear to be involved in his inmate appeals process, and denied his 602-appeals at various levels.  As this deficiency appears to be curable, plaintiff will be granted leave to file an amend complaint in order to try to allege an actual connection between the named defendants and the deprivation of his rights.

MEDICAL NEEDS

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff's allegations as to his medical needs are insufficient to state a claim. He fails to allege what serious medical condition the defendants were deliberately indifferent to and which defendants were deliberately indifferent. He indicates that he has high blood pressure for which he requires medication, and said medication was not provided to him. However, he fails to state who denied him his medication. Plaintiff has not provided any details as to why he needs the medication (other than stating he has high blood pressure), what the risks of no medication were, and whether there was any damage caused by his lack of medication. He also indicates he was denied pain medication for some type of spinal injury. However, he again fails to provide any details as to his medical condition and who denied him his medication. As these deficiencies appears to be curable, plaintiff will be allowed an opportunity to amend his complaint to try to state a claim for denial of his medical needs.

SAFETY

Under the principles discussed above, prison officials have a duty to take reasonable steps to protect inmates from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833. To demonstrate that a prison official was deliberately indifferent to a safety risk, the prisoner must establish that the official knew of the risk but disregarded it. See Farmer, 511 U.S. at 837. The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk. See Farmer, 511 U.S. at 844.

Again, plaintiff's complaint is insufficient to state a claim for deliberate indifference to a safety risk. Beyond indicating that he should have been provided a lower bunk, and indicating he was attacked by a fellow inmate, he fails to state that any defendant acted unnecessarily and wantonly for the purpose of inflicting harm.

/ / /

/ / /

RETALIATION

Prisoners retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must allege that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must allege a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also allege that his constitutional right was actually chilled by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000). Thus, the prisoner plaintiff must allege the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action actually chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).

Plaintiff appears to claim that he was transferred in retaliation for filing a civil rights complaint. However, plaintiff again fails to allege who retaliated against him, that the retaliation actually chilled his First Amendment rights, and that the adverse action did not serve a legitimate penological purpose. Prisoners do not have a liberty interest in avoiding being transferred to another prison, unless the transfer is done in retaliation for exercising their First Amendment rights. See Pratt v. Rowland, 65 F.3d 802, 806 (9th cir. 1995). However, plaintiff must make the connection between the transfer and the retaliatory action. Again, as this deficiency appears to be curable, plaintiff will be provided an opportunity to file an amended complaint.

/ / /

1  SUPERVISORY PERSONNEL

2    Supervisory personnel are generally not liable under § 1983 for the actions of their
3 employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no
4 respondeat superior liability under § 1983). A supervisor is only liable for the constitutional
5 violations of subordinates if the supervisor participated in or directed the violations, or had actual
6 knowledge of the violations and failed to act to prevent them. See id.  When a defendant holds
7 a supervisory position, the causal link between him and the claimed constitutional violation must
8 be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.
9 Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the
10 involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v.
11 Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

12    Plaintiff spends several pages in his complaint in an attempt to show how the
13 supervisory personnel are actually responsible for the violations of his rights. However, each of
14 these arguments are conclusory and vague. Simply stating that the individuals "failed to make
15 policy or to take action to prevent predictable violations of rights within their areas or
16 responsibility" is insufficient to link the actions of the supervisory personnel. As plaintiff is
17 being given an opportunity to correct other deficiencies in his complaint, he will also be allowed
18 an opportunity to try to link the supervisory personnel to actual violations.

19

20  **III.  CONCLUSION**

21    Because it is possible that the deficiencies identified in this order may be cured by
22 amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire
23 action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is
24 informed that, as a general rule, an amended complaint supersedes the original complaint. See
25 Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to
26 amend, all claims alleged in the original complaint which are not alleged in the amended

1  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
2  plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make
3  plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must
4  be complete in itself without reference to any prior pleading.  See id.

5       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
6  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
7  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
8  each named defendant is involved, and must set forth some affirmative link or connection
9  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
10  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

11       Finally, plaintiff is warned that failure to file an amended complaint within the
12  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
13  1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to
14  comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule
15  41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

16       Accordingly, IT IS HEREBY ORDERED that:

17       1.   Plaintiff's complaint (Doc. 1), filed with this court on September 13, 2007,
18  is dismissed with leave to amend; and

19       2.   Plaintiff shall file a first amended complaint within 30 days of the date of
20  service of this order.

DATED: January 10, 2008

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE