IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE PAMER,              No. CIV S-07-1902-MCE-CMK-P

    Plaintiff,

  vs.                              ORDER

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint (Doc. 12) and a request for the appointment of counsel (Doc. 13).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

Plaintiff's original complaint alleged denial of his medical needs, indifference to his safety, retaliation and several state tort violations. The court found plaintiff's complaint might state a claim, but that many of his allegations were vague and conclusory and he failed to link most of the defendants to any specific acts. Plaintiff was granted leave to file an amended complaint to cure these defects and state a claim.

Plaintiff was specifically informed that

> [t]o state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

/ / /

/ / /

As discussed above, and as plaintiff was previously informed, Rule 8 requires a complaint contain a short and plain statement of the claim. Plaintiff's amended complaint is 90 pages in length and refers to nearly 275 pages of attached documents which purportedly support the factual allegations against the defendants. Although plaintiff makes a point of identifying each of the defendants in the amended complaint, this pleading method does not satisfy the requirement of Federal Rule of Civil Procedure 8(a) that claims must be stated simply, concisely, and directly. To the contrary, plaintiff's complaint would require the court to comb through 90 pages of "claims" and 275 pages of documents in order to determine what plaintiff's claims are. The court is unwilling to do this in part due to limited judicial resources but also because it is for plaintiff – not the court – to formulate his claims.

Plaintiff has been informed as to the pleading requirements of Rule 8. He will be provided one additional opportunity to file an amended complaint which contains a short and plain statement of his claims. He is required to allege an actual connection or link between the actions of the named defendants and the alleged deprivations. He is again cautioned that vague and conclusory allegations of civil rights violations are not sufficient. He must specifically allege what the defendants have done in violation of his civil rights.

The court recognizes plaintiff has named 40-plus defendants in this action. The court is aware that his complaint may therefore be substantial. However, plaintiff does not need 365 pages to set forth his claims. He needs to state his claims clearly and concisely, without an attempt to support them with documentation as if he is opposing a motion for summary judgment. At this stage of the proceedings, he must simply state what his claims are and how each defendant violated his rights.

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is again informed that, as a general rule, an amended complaint supersedes the original complaint.

1  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with
2  leave to amend, all claims alleged in the original complaint which are not alleged in the amended
3  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
4  plaintiff amends the complaint, the court cannot refer to the prior pleadings in order to make
5  plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must
6  be complete in itself without reference to any prior pleading.[1]  See id.

7  Plaintiff is warned that failure to file an amended complaint within the time
8  provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-
9  61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to comply
10 with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). 
11 See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

12 As to plaintiff's request for counsel, the United States Supreme Court has ruled
13 that district courts lack authority to require counsel to represent indigent prisoners in § 1983
14 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain
15 exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to
16 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.
17 Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not at
18 this time find the required exceptional circumstances.

19 Accordingly, IT IS HEREBY ORDERED that:

20 1. Plaintiff's amended complaint (Doc. 12) is dismissed with leave to amend;

21 2. Plaintiff shall file a second amended complaint within 30 days of the date
22 of service of this order; and

23 / / /

---

[1] Plaintiff has also filed a request to file a supplemental pleading "to include additional defendants of events and occurrences relating back and since the filing of the original complaint."  Plaintiff is informed that an amended complaint must be complete in itself.  The court cannot refer to additional pleadings to supplement an amended complaint.

3. Plaintiff's request for appointment of counsel (Doc. 13) is denied.

DATED: October 8, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE