IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE PAMER,                              No. CIV S-07-1902-MCE-CMK-P

       Plaintiff,

  vs.                                                      ORDER

ARNOLD SCHWARZENEGGER, et al.,

       Defendants.

                                  /

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint (Doc. 19).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means

1

that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff's original complaint was dismissed, with leave to amend, for his failure to link the defendants to his alleged constitutional violations, and because his complaints were vague and conclusory. His first amended complaint was dismissed for violating Rule 8's requirements of a short and plain statement of the claim.

Plaintiff's second amended complaint names a number of individuals whom he states all contributed in some manner to the denial of his medical needs, indifference to his safety, retaliation and several state tort violations. Reading the complaint liberally, plaintiff claims that his serious medical needs were denied as he was not provided necessary medication, his safety was jeopardized by prison officials allowing him to be attacked and housing him in a top bunk, and that he was transferred to High Desert State Prison in retaliation for filing a civil rights action in federal court. In addition, he alleges that the supervisory defendants, including the Governor of the State of California, the Secretary of the California Department of Corrections and Rehabilitation, and the wardens and associate wardens of the prisons, knew about the problems he was facing and failed to make proper policies or take action to prevent his rights from being violated. individual correctional officers and counselors, and doctors providing medical care at the prisons.

/ / /

/ / /

The second amended complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. The court, therefore, finds that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs. Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with the provisions in order, as set forth below. Plaintiff is warned that failure to comply with this order may result in dismissal of the action. See Local Rule 11-110.

In addition, the defendants named in the second amended complaint differs slightly from those named in his previous complaints and from those named on the docket. Specifically, plaintiff now names R. Piazza, Ruben Perez, and D. Kearney as defendants. These defendants do not appear on the docket. In addition, the docket lists as defendants Jeanne Woodford, Rod Hickman, Gerald Lewis, and R.L. Runnels. However, the second amended complaint fails to list these individuals as defendants, and there are no allegations as to any of these individuals. The Clerk of the Court will therefore be directed to add Piazza, R. Perez, and Kearney as defendants, and terminate Woodford, Hickman, Lewis and Runnels as defendants.

Plaintiff has also filed a request for transfer and a request for the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not at this time find the required exceptional circumstances. Plaintiff's request for counsel will be denied.

Finally, prisoners have no liberty interest in avoiding being transferred to another prison. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225-27 (1976); United States v. Brown, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam). Inmates

also have "no justifiable expectation" that they will be incarcerated in any particular prison, and transferring an inmate to another prison does not infringe a protected liberty interest. Olim, 461 U.S. at 245; Vitek v. Jones, 445 U.S. 480, 489 (1980). Plaintiff's request for a transfer will be denied. In addition, the court notes that plaintiff was requesting to be transferred out of High Desert State Prison, which apparently has happened as plaintiff has filed a notice of change of address to Pleasant Valley State Prison. His request for transfer is therefore moot.

Accordingly, IT IS HEREBY ORDERED that:

1. The court authorizes service on the following defendant(s):

  Schwarzenegger, Tilton, Warwick, Weaver, Grannis, Surges,
  Schwartz, O'Ran, Cry, Piazza, Prebula, Gueffroy, Moreno, Miller,
  Cruz, Sweigert, R. Perez, Murray, Cobb, Aronsen, Khoury,
  Andreason, Bick, Anderson, Donahue, Kearney, Felker,
  McDonald, Johnson, T. Perez, Spack, Kopec, Lamberton, Gordon,
  Hill, Roche, Cox and James.

2. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above, one summons, an instruction sheet, and a copy of the second amended complaint;

3. Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

 a. The completed Notice of Submission of Documents;
 b. One completed summons;
 c. 38 completed USM-285 form(s); and
 d. 39 copies of the endorsed second amended complaint;

4. The Clerk of the Court is directed to add Piazza, R. Perez, and Kearney as defendants, and terminate Woodford, Hickman, Lewis and Runnels as defendants;

4

5. Plaintiff's request for the appointment of counsel is denied; and

6. Plaintiff's request for a transfer is denied.

DATED: March 25, 2009

                                              /s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

LAWRENCE PAMER, No. CIV S-07-1902-MCE-CMK-P

    Plaintiff,

  vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

_____/

<u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

    Plaintiff hereby submits the following documents in compliance with the court's order:

      _1_    completed summons form;

      ____    completed USM-285 form(s); and

      ____    copies of the second amended complaint.

DATED: _____                                 _____
                                                                           Plaintiff