IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE PAMER,                             No. CIV S-07-1902-MCE-CMK-P

    Plaintiff,

  vs.                                                      ORDER

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's requests for default judgments against several defendants (Docs. 34, 39, 40, 41, 42, 44, 45, 46, 49, 51, 52).  Defendants have filed oppositions to the motions (Docs. 36, 50).

        In his motions, Plaintiff requests the court to enter a default judgment against the defendants pursuant to Federal Rule of Civil Procedure 55(a), (b)(2), alleging the defendants failed to answer or otherwise defend in this matter.  Defendants oppose the entry of a default judgment, citing this court's orders granting them additional time to respond to the complaint (Doc. 31, 38) as well as the motion for more definite statement (Docs. 43, 47, 48).

///

1

A defendant is not in "default" unless he "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. Proc. 55(a). A party generally has 20 after being served with the summons and complaint to file a responsive pleading. See Fed. R. Civ. Proc. 12(a). However, if the party has timely waived service under Rule 4(d), a responsive pleading is timely if filed within 60 days after the request for a waiver was sent. See id. Since service of the summons and complaint in this action were completed by the United States Marshal pursuant to court order, service was completed by waiver under Rule 4. Therefore, defendants had 60 days from the date the waiver was sent for a responsive pleading to be filed, unless extended by court order.

Service of this action was previously authorized against the following defendants: Anderson, Andreason, Aronsen, Bick, Cobb, Cox, Cruz, Cry, Donahue, Felker, Gueffroy, Gordon, Grannis, Hill, James, Johnson, Kearney, Khoury, Kopec, Lamberton, McDonald, Miller, Moreno, Murray, O'Ran, R. Perez, T. Perez, Piazza, Prebula, Roche, Schwartz, Schwarzenegger, Spack Surges, Sweigert, Tilton, Warwick, and Weaver. Petitioner submitted the necessary service papers to the court, which were submitted to the United States Marshal for service on April 24, 2009.[1]

On July 6, 2009, Defendants Anderson, Andreason, Aronsen, Bick, Cobb, Cox, Cry, Donahue, Felker, Gueffroy, Gordon, Grannis, Johnson, Khoury, Lamberton, McDonald, R. Perez, T. Perez, Prebula, Schwartz, Schwarzenegger, Surges, Sweigert, Tilton, Warwick, and Weaver requested additional time to file a responsive pleading (Doc. 30). This request was granted, and the defendants were give to and including August 20, 2009, to file a responsive pleading (Doc. 31). On July 29, 2009, Defendants Cox, Hill and O'Ran filed a request for additional time to file a responsive pleading (Doc. 33). These defendants were also given until

---

[1] Service of process for defendants Cruz, Kearney, Kopec, Murray, Piazza, and Spack have all been returned unexecuted. It appears defendant Kopec has appeared in this action with the other appearing defendants in the motion for a more definite statement. The other defendants have not appeared.

2

August 20, 2009, to file their responsive pleading (Doc. 38).

On July 27, 2009, Plaintiff file his first request for default judgment, against Defendant Schwarzenegger (Doc. 34). However, at the time of this request, Defendant Schwarzenegger was not in default, as he had been provided additional time to file his responsive pleading, and that time had not yet expired.

On August 12, 2009, Plaintiff filed his request for default judgments against defendants Kopec and James (Docs. 39, 40). In his motion, Plaintiff argues that defendant Kopec has not retired, nor is he overseas with the military as the court was informed. Whether or not this is true, it remains clear that Plaintiff has not proven to the court that defendant Kopec was properly served. Until proper service has been completed, no default judgment will enter against a defendant. He also argues that a default has been entered against defendant James for his failure to answer. A review of the docket indicates no such entry of default. In addition, at the time Plaintiff filed his motion, there was no proof that defendant James had been served. In addition, both defendant Kopec and James have since made a general appearance by way of the pending motion for more definite statement, filed on August 20, 2009. Therefore, no default judgment against either of these two defendants is appropriate.

On August 14, 2009, Plaintiff filed a request for default judgment against defendant Piazza (Doc. 41). On August 19, 2009, he filed his request for default judgment against defendant Murray (Doc. 42). Plaintiff claims defaults have been entered against these defendants for failure to answer or otherwise defend in this action. A review of the docket indicates no such defaults have been entered. In addition, the summons was returned unexecuted as to defendant Piazza on June 2, 2009, and as to defendant Murray on June 24, 2009. Therefore, Plaintiff has not shown proper service has been completed, and default judgment is not appropriate.

/ / /

/ / /

1  On August 20, 2009, Plaintiff filed a request for default judgment against
2 defendants Roche (Doc. 44), Moreno (Doc. 45) and Miller (Doc 46).  Plaintiff again alleges a
3 default has been entered against these defendants, but the court finds no record of such default.
4 In addition, on the same day as Plaintiff's request was filed, these three defendants appeared in
5 this action by way of the motion for a more definite statement.  Filing of a motion for a more
6 definite statement is considered a responsive pleading, such that entry of a default judgment for
7 failure to plead or otherwise defend an action is not appropriate.  See Fed. R. Civil Proc. 12(e).
8 Therefore, the entry of default is not appropriate as these defendants have made a general
9 appearance, and are actively defending against the action.
10  On August 21, 2009, Plaintiff filed his request for default judgment against
11 defendant Cruz (Doc. 49).  He again argues a default has been entered against this defendant.
12 However, no such default has been entered.  In addition, the summons was returned to the court
13 unexecuted as to defendant Cruz on June 24, 2009.  Plaintiff therefore has not shown proper
14 service has been completed as against defendant Cruz, and a default judgment is not appropriate.
15  Finally, on August 27, 2009, Plaintiff filed his requests for default judgment
16 against defendants Spack (Doc. 51) and Kearney (Doc. 52).  He again alleges a default has been
17 entered against these two defendants for failure to answer or otherwise defendant.  No such
18 default has been entered.  In addition, service as to defendant Spack was returned unexecuted on
19 June 2, 2009, and service as to defendant Kearney was returned unexecuted on June 24, 2009.
20 As Plaintiff has not proven proper service of these defendants, default judgment is not
21 appropriate.
22  In addition, Plaintiff has indicated that he is unsure who is representing each
23 defendants.  With so many defendants in one case, it can be hard to keep track of all of the
24 defendants, especially where, as here, several defendants have not yet been served.  However, it
25 appears to the court that all of the defendant who have appeared in this case so far are being
26 represented by the Attorney General's Office, Deputy Attorney General Jessica R. Devencenzi.

As mentioned above, service of summons has been returned to the court unexecuted as to several defendants. Plaintiff was previously ordered to provide additional information for service of defendants Piazza, Spack, and Kopec.[2] No further information has yet been forthcoming. Since then, service directed to defendants Kearney and M. Cruz have been returned unexecuted because "per facility - none" and per CDC locator - none." Plaintiff is again directed to provide additional information to serve these defendants. Once additional information sufficient to effect service is obtained, plaintiff shall notify the court whereupon Plaintiff will be forwarded the forms necessary for service by the U.S. Marshal. Plaintiff is again cautioned that failure to effect service may result in the dismissal of unserved defendants. See Fed. R. Civ. P. 4(m).

Service directed to defendant Murray has also been returned unexecuted because "per facility - deceased." In light of the suggestion in the record of defendant Murray's death, plaintiff is directed to seek substitution pursuant to Federal Rule of Civil Procedure 25(a)(1) within 90 days of the date of this order. Plaintiff is cautioned that failure to seek substitution will result in dismissal of this action as against defendant Murray.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for default judgement (Docs. 34, 39, 40, 41, 42, 44, 45 46, 49) are denied;

2. Plaintiff shall promptly seek additional information sufficient to effect service on any unserved defendants and notify the court once such information is ascertained; and

/ / /

/ / /

---

[2] It appears, however, that defendant Kopec has since appeared and has joined in the motion for more definite statement (Doc. 43). If this is not the case, as has been suggested by the opposition to the motion for default (Doc. 50), it is incumbent upon defense counsel to correct that notion.

3.  Plaintiff shall seek substitution of defendant Murray pursuant to Federal Rule of Civil Procedure 25(a)(1) within 90 days of the date of this order.

DATED: August 31, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE