IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE PAMER,                              No. CIV S-07-1902-MCE-CMK-P

    Plaintiff,

  vs.                                                         ORDER

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Defendants' motion for a more definite statement (Doc. 43). Plaintiff filed an opposition to the motion (Doc. 56) and Defendants filed a reply (Doc. 57).

        This case proceeds on Plaintiff's second amended complaint (Doc. 19). Plaintiff's original complaint was dismissed for his failure to link the defendants to his alleged constitutional violations, and because his complaints were vague and conclusory. His first amended complaint was dismissed for violating Rule 8's requirements of a short and plain statement of the claim. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28

U.S.C. § 1915A(a).  The undersigned has screened the second amended complaint as required, and authorized service on the defendants.  Upon screening, the court found:

> Plaintiff's second amended complaint names a number of individuals whom he states all contributed in some manner to the denial of his medical needs, indifference to his safety, retaliation and several state tort violations.  Reading the complaint liberally, plaintiff claims that his serious medical needs were denied as he was not provided necessary medication, his safety was jeopardized by prison officials allowing him to be attacked and housing him in a top bunk, and that he was transferred to High Desert State Prison in retaliation for filing a civil rights action in federal court.  In addition, he alleges that the supervisory defendants, including the Governor of the State of California, the Secretary of the California Department of Corrections and Rehabilitation, and the wardens and associate wardens of the prisons, knew about the problems he was facing and failed to make proper policies or take action to prevent his rights from being violated.

(Doc. 20 at 2).[1]

Federal Rule of Civil Procedure 12(e) "is designed to strike at unintelligibility, rather than want of detail."  Woods v. Reno Commodities, Inc., 600 F. Supp. 574, 580 (D. Nev. 1984); Nelson v. Quimby Island Reclamation Dist. Facilities Corp., 491 F. Supp. 1364, 1385 (N.D. Cal. 1980).  The rule permits a party to move for a more definite statement when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  Such a motion "must be considered in light of the liberal pleading standards set forth in Rule 8(a)(2)."  Comm. for Immigrant Rights of Sonoma County v. County of Sonoma, 644 F. Supp. 2d 1177, 1191 (N.D. Cal. 2009).  It is not the function of a Rule 12(e) motion to enable the defendants to ascertain details of the plaintiff's case or to require the plaintiff to provide evidentiary material that may properly be obtained by discovery.  See id.; Woods, 600 F. Supp. at 580; Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981);

---

[1] The court screened the second amended complaint without the benefit of the Supreme Court's decision in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  The sufficiency of Plaintiff's claims, however, is not currently before the court.  To the extent Defendants believe the claims in the complaint are insufficient, they are not precluded from bringing a motion to dismiss.

Boxall v. Sequoia Union High Sch. Dist., 464 F. Supp. 1104, 1114 (N.D. Cal. 1979).

Motions for more definite statement "should be granted only where the complaint is so indefinite that the defendants cannot ascertain the nature of the claims being asserted and 'literally cannot frame a responsive pleading.'" Hubbs v. County of San Bernardino, 538 F. Supp. 2d 1254, 1262 (C.D. Cal. 2008) (quoting Bureerong v. Uvawas, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996)). See also Comm. for Immigrant Rights of Sonoma County, 644 F. Supp. 2d at 1191 (holding that a motion for more definite statement is proper only where the complaint is so vague or ambiguous that the opposing party cannot respond even with a simple denial). In addition, any motion for more definite statement "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

In the instant case, Defendants argue the claims in the complaint are too vague for them to determine what, if any, constitutional claims Plaintiff is making, that some of Plaintiff's claims are not linked to any specific defendant, and that Plaintiff fails to allege the dates of the alleged occurrences. Defendants quote several excerpts from Plaintiff's complaint as examples of vagueness of Plaintiff's claims. Defendants also argue that Plaintiff's complaint raises unrelated claims against defendants at separate facilities, which cannot be raised in the same case.

Plaintiff opposes the motion arguing the specificity Defendants seek can be obtained through discovery. In addition, Plaintiff asserts that all of his claims are related, and the claims Defendants object to are specifically related to the rest as they relate to threats and retaliation that began at California Medical Facility.

The issue before the court, on a Rule 12(e) motion is whether the complaint is sufficiently understandable, not whether the facts alleged are sufficient to state a claim. As the court previously determined, Plaintiff's complaint raises issue relating to his medical care, failure to protect, and retaliation. While Plaintiff's claims may not be eloquently stated, they are sufficiently set forth as to be understandable. Defendants complain about the lack of details,

such as the dates his claims arose in order to determine whether the statute of limitations has expired. However, the details of Plaintiff's claims can be obtained through discovery. Whether through interrogatories or a simple deposition, Defendants will have the tools to determine the exact dates and facts supporting each of Plaintiff's claims. Reading the complaint liberally, however, the court finds it is not so vague and ambiguous that Defendants cannot understand Plaintiff's claims against them in order to formulate their defenses, assert appropriate affirmative defenses, or file appropriate motions. The second amended complaint is sufficient enough to allow Defendants to frame a responsive pleading.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for a more definite statement (Doc. 43) is denied; and

2. Defendants' responsive pleading shall be filed in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).

DATED: March 3, 2010

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE