IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE PAMER, | No. CIV S-07-1902-MCE-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second motion for an extension of time (Doc. 74) to file a response to the motion to dismiss filed by defendant(s). Good cause appearing therefor, the request will be granted. Plaintiff may file a response within 30 days.

Plaintiff is also requesting the appointment of pro bono counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the

court does not at this time find the required exceptional circumstances.

Plaintiff has also requested the court issue an order requiring the prison to provide him with a word-processing machine, a copy machine, and necessary law books in his cell as he has been unable to obtain access to the law library. He also claims his legal work has been destroyed by non-defendant officers. To the extent Plaintiff is claiming recent retaliation by non-defendants, those claims are not part of this action. Plaintiff may be able to file a separate action if he believes his rights have been violated. Plaintiff's request for a court order requiring the prison to provide him equipment in his cell is an unreasonable request, which this court will not honor.

Finally, as to Plaintiff's complaint that he is being denied access to the law library, the court refrains from making any specific orders at this time as Plaintiff's request for additional time to respond to the pending motions is being granted. However, if he continues to experience difficulties in accessing the law library to such an extent that he is unable to respond to court orders in this case, the court will require the Defendants to respond to such claims. Therefore, if Plaintiff follows the proper procedure in requesting library access, and is denied all access, he may notify the court. Plaintiff will be required to clearly set forth what steps he has taken to obtain library access and the response he received. Plaintiff is cautioned that before the court will require a response by the Defendants herein, he will have to show that he followed the proper procedures in requesting library access. The court may then require a response from the Defendants.

While the court is not requiring a response from the Defendants at this time, it is requesting the Defendants do what they can to assist Plaintiff in obtaining reasonable access to the library in order to move this case along.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for an extension of time (Doc. 74) is granted;

///

1  2. Plaintiff may file an opposition to the motion to dismiss within 30 days of the date of service of this order;

3. Plaintiff's request for word processing and copy equipment is denied; and

4. Plaintiff's request for counsel is denied.

DATED: May 20, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE