IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE PAMER,               No. CIV S-07-1902-MCE-CMK-P

      Plaintiff,

  vs.                         FINDINGS AND RECOMMENDATIONS

ARNOLD SCHWARZENEGGER, et al.,

      Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's motion for a preliminary injunction (Doc. 89).

       The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S. Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing on the mere possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the

public interest.  See Stormans, 586 F.3d at 1127 (citing Winter, 129 S. Ct. at 374).

Here, Plaintiff is complaining about actions by non-parties.  He contends he is being mistreated by another inmate, who was ordered to attack him by some unknown person, presumably a correctional officer.  He also complains that non-party correctional officers and prison officials are not preventing this type of treatment, and non-party medical personnel are not providing him adequate medical treatment.  He seeks removal from his current custody, either transfer to a different state facility or into federal custody.

As plaintiff has previously been informed, this court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  None of plaintiff's current complaints relate to any of the defendants in this action.  Plaintiff's request must, therefore, be denied.  In addition, plaintiff requests a transfer to a different prison.  A prisoner has no due process right to remain in or be transferred to a prison of his choice.  See Meachum v. Fano, 427 U.S. 215, 224-29 (1976).

Based on the foregoing, the undersigned recommends that Plaintiff's motion for a preliminary injunction (Doc. 89) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   January 20, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE