IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE PAMER,  No. CIV S-07-1902-MCE-CMK-P

    Plaintiff,

  vs.  ORDER

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

_____/

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion declaring a conflict of interest (Doc. 71) and defendants' motion to strike (Doc. 84) plaintiff's motions to consolidate actions (Docs. 80, 83).

    First, plaintiff claims that due to defendant Warwick's position as an attorney with the California Attorney General's office, the California Attorney General's office has a conflict of interest and should not be allowed to represent any of the defendants herein. Plaintiff states that the conflict of interest arises because "Defendant Warwick [is] in a fiduciary relationship among the Attorney General's office." The legal basis for his claim, he contends, is 18 U.S.C. § 203 *et seq.*, California Rules of Professional Conduct, State Bar Act, and the American Bar

1

Association Code of Judicial Conduct.

The undersigned does not find any conflict of interest in this matter. That plaintiff has named a Deputy Attorney General as a defendant to this action, in and of itself, does not raise conflict of interest issues. Defendant Warwick is not the Deputy Attorney General representing any of the defendants to this action. Indeed, none of the alleged legal basis for his claim support the existence of a conflict. 18 U.S.C. § 203 deals with improper compensation to Members of Congress and other officers, and therefore does not appear to be applicable in this situation. Plaintiff does not cite to any specific Rule of Professional Conduct or other conduct cannon which would apply in such a situation. In addition, the undersigned has recommended that defendant Warwick be dismissed from this action for plaintiff's failure to state a claim against her. As set forth in the pending findings and recommendations, there is no support in plaintiff's complaint for a claim of deliberate indifference to his medical condition based on defendant Warwick's actions. As there is no basis for plaintiff's claim of conflict of interest, his motion will be denied.

Second, plaintiff had a non-attorney third party file documents in this action which appear to be a motion to consolidate several actions. The basis for this request appears to be that the plaintiffs in the various motions are being housed together on the same yard at the same facility, are suffering from the same causes, and have named some of the same defendants in their actions.

However, the undersigned finds no grounds to consolidated these actions. There are no common facts, parties or claims present as set forth in the request. In addition, in this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals. Therefore, the plaintiffs will be required to

continue in their own action, without any related case or consolidation order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a declaration of a conflict of interest (Doc. 71) is denied; and

2. Defendants' motion to strike (Doc. 84) is granted to the extent that plaintiff's request to consolidate his action with that of other prisoner-plaintiffs is denied.

DATED: March 23, 2011

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE