1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  LAWRENCE PAMER,                         No. CIV S-07-1902-MCE-CMK-P

12                    Plaintiff,

13          vs.                                     <u>ORDER</u>

14  ARNOLD SCHWARZENEGGER, et al.,

15                    Defendants.

16  _____/

17          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18  to 42 U.S.C. § 1983.   Pending before the court is plaintiff's motion for an extension of time and

19  appointment of counsel (Doc. 96).

20          Plaintiff fails to explain his need for additional time, but the court is assuming he

21  is requesting additional time to file objections to the findings and recommendations (Doc. 92)

22  relating to his motion for preliminary injunction and the findings and recommendations (Doc. 87)

23  relating to the defendants' motion to dismiss.  Plaintiff does not provide the court with any

24  information as to why he needs additional time, or how much additional time he needs.  The

25  findings and recommendations relating to the defendants' motion to dismiss were issued on

26  December 23, 2010.  Plaintiff has had three months to draft and file objections to the findings

1

and recommendations, and he fails to provide any reason why he has been unable to do so.  He has already been granted two extensions of time to do so.  Simply being housed in administrative segregation is an insufficient reason for such a delay, assuming that is where plaintiff is still being housed.

Similarly, the findings and recommendations relating to his motion for preliminary injunction were issued on January 21, 2011.  Thus, he has had two months to respond to those findings and recommendations.  Again, plaintiff provides no explanation as to why this amount of time has been insufficient.

Plaintiff's filing contains numerous complaints about his treatment and lack of medication.  He appears to request the ability to file a supplemental complaint to include additional defendants and complaints in this action.  However, plaintiff's original complaint includes claims arising from High Desert State Prison and Solano State Prison.  He is now housed at Pleasant Valley State Prison.  Any new complaints he has regarding his treatment at his new housing location will need to be brought in a separate action.   In order to file a supplemental complaint pursuant to Federal Rule of Civil Procedure 15(d), there must be some relationship "between the newly alleged matters and the subject of the original action."  Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988).  Adding new complaints and defendants to this action is not the appropriate remedy provided the age of this case and the current status of the action.  Thus, his request to file a supplemental complaint will be denied.  If plaintiff believes his constitutional rights are currently being violated, he has other options available to him, including initiating a new civil rights actions, assuming he has exhausted the administrative remedies available at the prison.

Finally, it appears plaintiff is requesting the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

2

1 | counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

2 | 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the

3 | court does not at this time find the required exceptional circumstances.

4 |           Accordingly, IT IS HEREBY ORDERED that:

5 |           1.     Plaintiff's request for additional time to respond to the pending findings

6 | and recommendations is denied;

7 |           2.     Plaintiff's request to file a supplemental complaint in this action is denied;

8 | and

9 |           3.     Plaintiff's request for the appointment of counsel (Doc. 96) is denied.

11 |  DATED:  March 23, 2011

13 | CRAIG M. KELLISON
   | UNITED STATES MAGISTRATE JUDGE

3