IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE PAMER,  No. CIV S-07-1902-MCE-CMK-P

    Plaintiff,

  vs.  ORDER

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.

_____/

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is the United States Marshal's request for cost reimbursement from defendants Moreno, Miller, James and Roche, for the costs of personal service (Docs. 63, 65). Defendants have filed their opposition to the request (Doc. 66).

    On April 24, 2009, the undersigned issued an order directing the U.S. Marshal to serve a summons and copy of plaintiff's complaint on these four defendants, as well as several other named defendants. Defendants Moreno, Miller, James and Roche did not execute a waiver of service pursuant to Federal Rule of Civil Procedure 4(d). However, they made a general appearance in this action on August 20, 2009, and August 21, 2009, by filing a motion for a more definite statement (Docs. 43, 48). On December 8, 2009, a "process receipt and return" was filed

1

with the court indicating that defendants Moreno and Miller were personally served on November 19, 2009, and defendants James and Roche were personally served on November 25, 2009. The U.S. Marshal seeks reimbursement of $493.24 in total charges related to the service of process for these four defendants.

Federal Rule of Civil Procedure 4(d) imposes a duty on parties subject to service to avoid unnecessary expenses associated with service. Specifically, Rule 4(d)(2) provides:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
> (A) the expenses later incurred in making service; and
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civil Proc. 4(d)(2).

Defendants request the court excuse their failure to timely sign and return a waiver of service. Specifically, defendants argue that they had submitted themselves to the court's jurisdiction prior to the U.S. Marshal undertaking personal service. In addition, they argue that service was untimely and thus violative of the Federal Rules of Civil Procedure, as the personal service was attempted and completed beyond the 120 days time period provided therefor.

Defendants' attempt at demonstrating good cause is unpersuasive. No explanation is provided, or even attempted, as to why the waiver of service was not returned to the U.S. Marshal, and they are admonished accordingly. However, the court takes into consideration that the U.S. Marshal's service of process was rendered unnecessary when the defendants made an appearance in this action in August 2009. According to the process receipt and return, the defendants were personally served in November 2009, almost three moths after they waived service by making an appearance. Service on the other defendants, who either signed and returned the waiver or who were not served due to retirement, death or inability to locate, occurred by the end of July 2009, when the signed waivers were returned to the U.S. Marshal. The unexplained delay in service by the U.S. Marshal, from July to November, without

the U.S. Marshal making any inquiry as to the remaining defendants prior to undertaking the expense of personal service weighs against the allowance of reimbursement for such costs.

As personal service was rendered unnecessary by the defendants' appearance in this action, and due to the unexplained delay in completing personal service without further inquiry, the request for reimbursement of costs will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The U.S. Marshal's request for reimbursement of costs related to the service of process on defendants Moreno, Miller, James and Roche (Docs. 63, 65) is denied; and

2. The Clerk of the Court is directed to serve a copy of this order on the United State Marshal, Sacramento, California.

DATED: March 23, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE