IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE PAMER,                           No. CIV S-07-1902-MCE-CMK-P

        Plaintiff,

   vs.                                                      ORDER

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.

                                    /

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are several motions related to discovery in this matter. Plaintiff objects to additional time the court allowed defendants to respond to his discovery requests and moves to compel the responses (Doc. 107), defendants move to strike that motion based on this court's prior order (Doc. 108), and both parties request additional time to conclude discovery in this matter (Docs. 110, 111). In addition, plaintiff moves for the appointment of counsel and the return of legal property (Doc. 104).

        First, as to plaintiff's request for the appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

1

1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not at this time find the required exceptional circumstances.

Second, as to plaintiff's motion to compel, the court agrees with defendants' assessment.  Defendants had requested additional time to respond to plaintiff's discovery requests.  That request was granted, and the court allowed defendants until August 19, 2011, to provide their responses.  Plaintiff's motion to compel was filed prior to the new deadline, and therefore is premature.  While the court notes plaintiff's objections to the addition of time, that objection is overruled.  If defendants failed to provide their responses by the new deadline of August 19, 2011, plaintiff may renew his motion to compel.  However, the pending motion is stricken as filed prematurely.

Third, as for plaintiff's motion to recover his legal property, it appears from the other filings that defense counsel intervened[1] and was able to assist plaintiff in obtaining his legal property in order to complete the discovery.  It appears, therefore, that this motion is moot as plaintiff has been reunited with his legal property.  If that is not the case, plaintiff may file a new request, and the court will request defense counsel to again assist, if possible, in making sure plaintiff has his legal property in order to effectively move this case along.

Finally, both sides agree that additional time is required to complete discovery in this matter.  It is unclear if there are outstanding discovery requests awaiting responses from either side.  If there are, the court will extend the deadline for serving such responses by 30 days.  As it appears plaintiff has now been reunited with his legal property, 30 days should be sufficient time for him to send his responses to the outstanding discovery requests to defendants.  Similarly, due to plaintiff's transfer, defendants request additional time to conduct plaintiff's deposition.  This request is also granted, and said deposition shall occur within the next 30 days.  No request has been made to extend the time allowed for either motions to compel or dispositive motions.

---

[1] The court thanks counsel for its assistance in this matter, and encourages counsel to continue in such manner so as to avoid any further delays in this case.

According to the scheduling order, the parties have 60 days from the original discovery cutoff date to file any necessary motions to compel, and 90 days to file dispositive motions. The court sees no reason to extend those deadlines at this time. The deadlines for filing such motions, therefore, remain as set: November 7, 2011, for any motions to compel and December 6, 2011, for any dispositive motions. Other than the currently outstanding discovery issues addressed herein, no new discovery shall be propounded as the discovery deadline has now passed. This order is only allowing additional time to complete the outstanding discovery, and shall not be construed as allowing additional time for new discovery requests to be made.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (Doc. 104) is denied;

2. Defendants' motion to strike plaintiff's motion to compel (Doc. 108) is granted;

3. Plaintiff's motion to compel (Doc. 107) is stricken as prematurely filed;

4. Both motions for additional time to complete discovery (Docs. 110, 111) are granted;

5. Any outstanding discovery responses shall be served on the propounding party within 30 days of the date of this order;

6. Plaintiff's deposition shall be completed within 30 days of the date of this order; and

7. All other deadlines in the scheduling order are confirmed.

DATED: September 12, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE