IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE PAMER, | No. CIV S-07-1902-MCE-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  On December 20, 2011, defendants filed a notice that plaintiff died in prison on October 16, 2011.  On December 23, 2011, the court issued an order requiring the defendants to serve the suggestion of death pursuant to Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994).  Specifically, the court informed defendants of the requirement that the suggestion of death be served on all other parties and the nonparty successors or representatives of the deceased.  See id.

      In response, defendants submitted a proof of serve by mail the same day indicating that the notice of death was served on the deceased plaintiff at his prison address. There has been no further proof of service filed, nor have the defendants submitted a declaration

that plaintiff had no next of kin or other possible successors or representatives.  Service of the notice on the deceased prisoner plaintiff at his prison address fails to comply with the prior order, nor is it sufficient to trigger the 90 day period under Rule 25(a)(1).  Without requiring the defendants to make extraordinary efforts to find a possible successor or representative of plaintiff, the court is reasonably certain there is likely to be a next of kin listed in the plaintiff's prisoner file.  If there is not, defendants can inform the court as much in a declaration setting forth what reasonable steps were taken to find a next of kin or representative of plaintiff's estate.

As set forth in the court's previous order, defendants are required to serve the suggestion of death on all parties pursuant to Rule 5 and on nonparties pursuant to Rule 4.  See Fed. R. Civ. Proc. 25(a)(3) (requiring service of the statement noting death in the same manner as a motion to substitute); see also Barlow, 39 F.3d at 233.  If plaintiff has no known next of kin, and defendants are unable to locate a representative without extraordinary efforts, they may file a declaration in leu of a proof of service.  Otherwise, defendants shall properly serve the suggestion of death as required.  See id.

SO ORDERED.

DATED: April 16, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE