1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   LAWRENCE PAMER,                    No. CIV S-07-1902-MCE-CMK-P

12              Plaintiff,

13       vs.                            <u>ORDER</u>

14   ARNOLD SCHWARZENEGGER, et al.,

15              Defendants.

16   _____/

17          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.   On December 20, 2011, defendants filed a notice that plaintiff died in

19   prison on October 16, 2011.  On December 23, 2011, the court issued an order requiring the

20   defendants to serve the suggestion of death pursuant to <u>Barlow v. Ground</u>, 39 F.3d 231, 233 (9th

21   Cir. 1994).  Specifically, the court informed defendants of the requirement that the suggestion of

22   death be served on all other parties <u>and</u> the nonparty successors or representatives of the

23   deceased.  <u>See</u> <u>id.</u>

24          In response, defendants submitted a proof of serve by mail the same day

25   indicating that the notice of death was served on the deceased plaintiff at his prison address.

26   There has been no further proof of service filed, nor have the defendants submitted a declaration

1   that plaintiff had no next of kin or other possible successors or representatives.   Service of the

2   notice on the deceased prisoner plaintiff at his prison address fails to comply with the prior order,

3   nor is it sufficient to trigger the 90 day period under Rule 25(a)(1).  Without requiring the

4   defendants to make extraordinary efforts to find a possible successor or representative of

5   plaintiff, the court is reasonably certain there is likely to be a next of kin listed in the plaintiff's

6   prisoner file.  If there is not, defendants can inform the court as much in a declaration setting

7   forth what reasonable steps were taken to find a next of kin or representative of plaintiff's estate.

8           As set forth in the court's previous order, defendants are required to serve the

9   suggestion of death on all parties pursuant to Rule 5 and on nonparties pursuant to Rule 4.  <u>See</u>

10   Fed. R. Civ. Proc. 25(a)(3) (requiring service of the statement noting death in the same manner as

11   a motion to substitute); <u>see also</u> <u>Barlow</u>, 39 F.3d at 233.  If plaintiff has no known next of kin,

12   and defendants are unable to locate a representative without extraordinary efforts, they may file a

13   declaration in leu of a proof of service.  Otherwise, defendants shall properly serve the suggestion

14   of death as required.  <u>See</u> <u>id.</u>

15           SO ORDERED.

16

17   DATED:  April 16, 2012

18

19                     **CRAIG M. KELLISON**
                    UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26